# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 24, 2011

No. 11-20166
Summary Calendar

Lyle W. Cayce
Clerk

RICKY ABRAM

Plaintiff - Appellant

v.

NABORS OFFSHORE CORPORATION

Defendant - Appellee

Appeal from the United States District Court for the
Southern District of Texas, Houston
USDC No. 11-20166

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges..

PER CURIAM:[*]

This is an appeal from a summary judgment dismissing plaintiff's Jones Act, general maritime law action on grounds that plaintiff was not a seaman or member of the crew of a vessel at the time he was injured while working for Nabors Offshore Corporation (Nabors) on August 15, 2009.

The summary judgment record plainly supports the district court's judgment. The record demonstrates that appellant, Abram, worked for Nabors

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20166

as a roustabout, a shaker hand, and a floor hand on various drilling rigs owned by Nabors from 1994 until 2002 and again from 2005 until 2009. Plaintiff's affidavit and affidavits from his fellow employees state that he worked in the Gulf of Mexico on vessel rigs at times and platform rigs at other times. They assert with particularity that he worked on named jack-up rigs during his first period of employment (1994-2002), but do not specify that he worked on these vessel rigs from 2005 until 2009.

Nabors filed affidavits supported by Abram's personnel records asserting that Abram did no work on vessels from 2005 until 2009. This is the relevant time period. *See Patton-Tully Transp. Co. v. Ratcliff,* 797 F.2d 206 (5th Cir. 1986) (a four-month hiatus in employment was a significant enough break to require a separate evaluation of duties during the re-employment period to determine seaman status at the time of the accident). Abram's summary judgment evidence did not dispute this evidence with respect to the relevant time period  so as to create an issue of fact. The district court correctly granted summary judgment and we affirm that judgment.

AFFIRMED.